**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

```
------------------------------------------------- x
IN RE:  ASBESTOS PRODUCTS           :
LIABILITY LITIGATION (NO. VI)       :        CIVIL ACTION NO. MDL 875
------------------------------------------------- x
This Document Relates To:           :
------------------------------------------------- :
JEFFREY L. CENTERS, Special         :
Administrator for the Estate of ALBERT :     Transferee E.D. Pa.
CENTERS, Deceased,                  :           Case No. 08-cv-90268
                                    :
            Plaintiff,              :        Transferor N.D. Ill.
                                    :           Case No. 02-cv-8702
        v.                          :
                                    :
A.W. CHESTERTON COMPANY et al.,     :
                                    :        Oral Argument Requested
            Defendants.             :        Under Local Rule 7.1(f).
------------------------------------------------- x
```

**DEFENDANT OWENS-ILLINOIS, INC.'S
MOTION FOR SUMMARY JUDGMENT**

Robert H. Riley
Edward Casmere
Brian O. Watson
Schiff Hardin LLP
233 S. Wacker Dr. Suite 6600
Chicago, Illinois  60606
(312) 258-5500
(312) 258-5600 (facsimile)

*Attorneys for Defendant
Owens-Illinois, Inc.*

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ........................................................................................ 1

II.     STATEMENT OF THE CASE ................................................................... 1

III.    LEGAL STANDARD ................................................................................. 3

        A.     THE SUMMARY JUDGMENT STANDARD ........................................... 3

        B.     THE APPLICABLE LAW OF ILLINOIS ............................................... 4

        C.     THE NEGLIGENCE STANDARD UNDER ILLINOIS LAW .................................. 5

               1.     PROXIMATE CAUSATION REQUIRES EVIDENCE OF CAUSE-
                      IN-FACT AND LEGAL CAUSE. .................................................... 5

               2.     FOR CAUSE-IN-FACT, THE SUBSTANTIAL FACTOR TEST IN
                      ASBESTOS CASES IS "FREQUENCY, REGULARITY, AND
                      PROXIMITY." ..................................................................... 6

               3.     EVEN AT SUMMARY JUDGMENT, THE SUBSTANTIAL
                      FACTOR TEST IN ASBESTOS CASES IS "FREQUENCY,
                      REGULARITY, AND PROXIMITY." ........................................... 7

               4.     THE SUBSTANTIAL FACTOR TEST OF "FREQUENCY,
                      REGULARITY, AND PROXIMITY" IN ASBESTOS CASES IS
                      NOT MERE "JOBSITE PRODUCT IDENTIFICATION." ................................ 8

               5.     THE SUBSTANTIAL FACTOR TEST OF "FREQUENCY,
                      REGULARITY, AND PROXIMITY" IN ASBESTOS CASES DOES
                      NOT    CHANGE    BASED    ON    "DIRECT"    VERSUS
                      "CIRCUMSTANTIAL" EVIDENCE. ........................................... 10

               6.     THE SUBSTANTIAL FACTOR TEST OF "FREQUENCY,
                      REGULARITY, AND PROXIMITY" IN ASBESTOS CASES DOES
                      NOT MEAN "ANY AND ALL" OR "EACH AND EVERY"
                      EXPOSURE. ..................................................................... 12

IV.     ARGUMENT ........................................................................................... 15

V.      CONCLUSION ....................................................................................... 17

## I.      INTRODUCTION

Albert Centers ("Centers") smoked 1½ packs of cigarettes a day for 40 years, continued to smoke despite his lung cancer diagnosis, and as his death certificate states, died of "tobacco abuse" in 2002.[1]  Centers' son, Jeffrey Centers ("Plaintiff"), claims that his lung cancer was caused not by smoking, but as a result of exposure to asbestos-containing products between 1966 and 1988 in Illinois and Indiana.[2] Plaintiff brings state law-based negligence claims against twelve defendants, including Owens-Illinois, Inc. ("Owens-Illinois").[3]   Owens-Illinois denies the allegations entirely.[4]  Owens-Illinois is now entitled to summary judgment because Plaintiff has failed to produce even the most basic threshold evidence that Centers ever was exposed to any asbestos-containing product manufactured or sold by Owens-Illinois — much less the necessary evidence of so frequent, regular, and proximate exposure that it was a substantial factor in causing his lung cancer.

## II.     STATEMENT OF THE CASE

The facts about Owens-Illinois are not disputed.  Owens-Illinois is, and always has been, primarily a glass company.  Owens-Illinois is named as a defendant because for a limited period of time ending on April 30, 1958 — eight years before Mr. Center's alleged work history even began — it made and sold a high temperature pipe covering and block insulation called "Kaylo."  On April 30, 1958, Owens-Illinois left the insulation business altogether and sold the "Kaylo"

---

[1] *See* **Ex. A**, Medical Records.
[2] *See* **Ex. B**, Compl. ¶¶ 6-10.
[3] *See id.* ¶¶ 11-15, 41.
[4] *See* **Ex. C**, Short Form Ans. 1.

business to Owens Corning Fiberglas — a separate company that continued to make and sell "Kaylo" into the 1970s.  Owens-Illinois did not make or sell "Kaylo," or any other insulation product, after April 30, 1958.[5]   Plaintiff has, in fact, collected money from the Owens Corning Fiberglas Corporation 524(g) Bankruptcy Trust, verifying exposure to Owens Corning "Kaylo" pipe covering and block insulation during the alleged time period here (1966 through 1988) — beginning eight years after Owens-Illinois ceased the manufacture and sale of "Kaylo."[6]

Plaintiff's evidence against Owens-Illinois is insufficient to raise a genuine issue of material fact.  The only witness to testify, David Jeffers, worked with Centers sometime after 1967 (in the '60s or '70s) at the General Motors Central Foundry in Illinois.[7]   Mr. Jeffers worked at the other end of the building than Centers for a different contractor.[8]   During lunch breaks in the cafeteria, Mr. Jeffers would see Centers.[9]   Mr. Jeffers recalled the name "Owens-Corning" generally, but he could not recall a product called "Kaylo" at General Motors Central Foundry.[10]   Equally significant, Mr. Jeffers could not tell who

---

[5]  *McClure v. Owens Corning Fiberglas Corp.*, 188 Ill. 2d 102, 116, 720 N.E.2d 242, 249 (Ill. 1999); *Kochan v. Owens Corning Fiberglas*, 242 Ill. App. 3d 781, 786, 610 N.E.2d 683, 686 (Ill. App. Ct. 5th Dist. 1993); *Schultz v. Keene Corp.*, 729 F. Supp. 609, 613 n.3 (N.D. Ill. 1990).

[6]  *See* **Ex. D**, Owens-Corning Claim Form.

[7]  *See* **Ex. E**, Dep. David Jeffers, Jan. 24, 2012, 7:17-7:18, 17:8-17:12, 82:21-82:24.

[8]  *See id.* at 85:7-15, 85:25-86:3

[9]  *See id.* at 86:7-86:9.

[10]  *See id.* at 90:24-91:11, 91:25-92:2.

manufactured the insulation when he looked at it or when it had been installed.[11] In short, Mr. Jeffers' testimony could not, and did not, identify any Owens-Illinois product at the General Motors Central Foundry, nor establish that Centers was so frequently, regularly, and proximately exposed to such a product.

In discovery, Plaintiff has not produced any other admissible evidence.[12] There are no admissible records to show where and when Centers actually worked. There are no admissible records showing the sale or delivery of any products to any jobsite where and when Centers actually worked. After ten years, the record has no testimonial or documentary evidence supporting the claim that Centers ever worked with or around any Owens-Illinois asbestos-containing product — let alone sustaining exposure so frequently, regularly, and proximately that it was a substantial factor to cause his lung cancer.

As set forth below, Owens-Illinois is entitled to summary judgment because there is no admissible evidence that any conduct by Owens-Illinois ever caused any injury to Centers as a matter of law.

## III.   LEGAL STANDARD

### A.   THE SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if there are no genuine disputes as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of

---

[11] *See id.* at 92:3-92:5.

[12] **Ex. F**, Pl.'s Resp. Def.'s Product-Specific Discovery.

material fact." *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 581 (3d Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)).  A fact is "material" if proof of its existence or nonexistence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

Summary judgment will be entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Although the moving party bears the initial burden to show the absence of any genuine disputes of material fact, meeting this obligation shifts the burden to the nonmoving party who must "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250. "Summary judgment must be granted where no genuine issue of material fact exists for resolution at trial and the moving party is entitled to judgment as a matter of law." *Orson Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996).  "When the nonmoving party will bear the burden of proof at trial, the moving party may meet its burden by showing that the nonmoving party has not offered evidence sufficient to establish the existence of an element essential to its case." *Id.*

## B.   THE APPLICABLE LAW OF ILLINOIS

Federal jurisdiction in this case is based on diversity of citizenship under 28 U.S.C. § 1332, and this action was initially filed in the Northern District of Illinois. (*See* **Ex. B**, Compl. ¶¶ 1-6.)  To determine what substantive law governs, a federal transferee court in diversity jurisdiction applies the choice-of-law rules of the state

in which the action was initiated.  *See Van Dusen v. Barrack*, 376 U.S. 612, 637–40 (1964) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Guaranty Trust Co. v. York*, 326 U.S. 99, 108 (1945)).  Plaintiff only produced evidence of exposure to asbestos-containing products in Illinois, so Illinois substantive law governs his claims.  *Gregory v. Beazer East*, 384 Ill. App. 3d 178, 193–201, 892 N.E.2d 563, 578–85 (Ill. App. Ct. 1st Dist. 2008) (applying a place of exposure test in Illinois asbestos cases to determine the "most significant relationship" under the *Restatement (Second) of Conflict of Laws* (1971)).  As such, this Court should apply Illinois substantive law.

### C.   THE NEGLIGENCE STANDARD UNDER ILLINOIS LAW

To survive summary judgment on a negligence claim, plaintiff must produce evidence under that:  (1) the defendant owed a duty of care to him; (2) the defendant breached that duty; and (3) he incurred injuries proximately caused by that breach.  *Nolan v. Weil-McLain*, 233 Ill. 2d 416, 441, 910 N.E.2d 549, 562 (Ill. 2009); *Thacker v. UNR Indus.*, 151 Ill. 2d 343, 362–63, 603 N.E.2d 449, 458–59 (Ill. 1992).

#### 1.   PROXIMATE CAUSATION REQUIRES EVIDENCE OF CAUSE-IN-FACT AND LEGAL CAUSE.

In Illinois, "proximate cause" describes two distinct requirements:  1) cause-in-fact, and 2) legal cause, which is a policy decision that limits how far a defendant's legal responsibility should be extended for conduct that, in fact, caused the harm.  *Nolan*, 233 Ill. 2d at 431, 910 N.E.2d at 557; *Thacker*, 151 Ill. 2d at 354, 603 N.E.2d at 455.  Plaintiffs can satisfy their cause-in-fact burden under either the "but for" test or the "substantial factor" test.  *Nolan*, 233 Ill. 2d at 431, 910 N.E.2d

at 557; *Thacker*, 151 Ill. 2d at 354-55, 603 N.E.2d at 455.  The "but for" test asks, Would the injury have occurred absent the defendant's conduct?  *Nolan*, 233 Ill. 2d at 431, 910 N.E.2d at 557 (quoting *Thacker*, 151 Ill. 2d at 354-55, 603 N.E.2d at 455).  Where there are multiple possible causes, as here, the "substantial factor" test asks, Was the defendant's conduct a material and substantial factor in causing the injury?  *Nolan*, 233 Ill. 2d at 354-55, 910 N.E.2d at 557 (quoting *Thacker*, 51 Ill. 2d at 354-55, 603 N.E.2d at 455).

Under either test, "Illinois courts have, as a matter of law, refused to allow a plaintiff to take the causation question to the jury when there is insufficient evidence for the jury to reasonably find that the defendant's conduct was a cause of the plaintiff's harm or injury."  *Nolan*, 233 Ill. 2d at 431, 910 N.E.2d at 557 (quoting *Thacker*, 151 Ill. 2d at 355, 603 N.E.2d at 455).  It is "the axiomatic rule that a plaintiff alleging personal injury in any tort action—*including asbestos cases*—must adduce sufficient proof that the defendant caused the injury. . . . [P]roof which relies on conjecture, speculation, or guesswork is insufficient."  *Nolan*, 233 Ill. 2d at 430, 910 N.E.2d at 556 (emphasis original).  To be sure, "[Illinois courts] did not carve out an exception for asbestos cases which relieved those plaintiffs from meeting the same burden as all other tort plaintiffs."  *Id.* at 434, 910 N.E.2d at 558.

> ## 2.   FOR CAUSE-IN-FACT, THE SUBSTANTIAL FACTOR TEST IN ASBESTOS CASES IS "FREQUENCY, REGULARITY, AND PROXIMITY."

Two decades ago, the Illinois Supreme Court adopted "frequency, regularity, and proximity" as *the* substantial factor test in asbestos cases for cause-in-fact:

> plaintiff [must] show that the injured worker was exposed to the
> defendant's asbestos through proof that (1) he regularly worked
> in an area where the defendant's asbestos was frequently used
> and (2) the injured worker did, in fact, work sufficiently close to
> this area so as to come into contact with the defendant's product.
> . . . The defendant has referred to this approach as the
> "frequency, regularity and proximity" test, and we adopt this
> test as the rule of law in Illinois.

*Thacker*, 151 Ill. 2d at 359, 603 N.E.2d at 457 (citation omitted).

Since *Thacker*, the Illinois Supreme Court has made clear on two separate occasions that asbestos plaintiffs must have evidence of frequent, regular, and proximate exposure to a defendant's product to create a triable issue on substantial factor causation. "[W]e adopted *Lohrmann*'s frequency, regularity and proximity test—tailored to application in asbestos actions—as a means by which a plaintiff choosing to prove cause in fact through use of the substantial factor test may meet that burden." *Nolan*, 233 Ill. 2d at 434, 910 N.E.2d at 559; *Donaldson v. Cent. Ill. Pub. Serv. Co.*, 199 Ill. 2d 63, 91, 767 N.E.2d 314, 332 (Ill. 2002) ("[I]n order to show causation in an asbestos case, a plaintiff must 'produce evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the plaintiff actually worked,' commonly called the 'frequency, regularity and proximity' test" (quoting *Thacker*, 151 Ill.2d at 363, 603 N.E.2d at 458)).

> **3.**   **EVEN AT SUMMARY JUDGMENT, THE SUBSTANTIAL FACTOR TEST IN ASBESTOS CASES IS "FREQUENCY, REGULARITY, AND PROXIMITY."**

As a matter of law, Illinois courts "hold that in order to survive a motion for summary judgment on the issue of exposure to a defendant's asbestos product, the plaintiff must put forth some evidence tending to show that (1) the decedent

regularly worked in an area where the defendant's asbestos was frequently used and (2) the decedent worked close enough to this area to come into contact with the defendant's product." *Johnson v. Owens-Corning Fiberglass Corp.*, 284 Ill. App. 3d 669, 677, 672 N.E.2d 885, 890–91 (Ill. App. Ct. 3d Dist. 1996).

Federal courts in Illinois reach the same conclusion, holding that only evidence of "frequency, regularity, and proximity" will defeat summary judgment. *Flood v. Owens-Illinois*, No. 86 C 8947, 2003 WL 22462314, at *1 (N.D. Ill. Apr. 4, 2003) ("To defeat such a summary judgment motion in an asbestos products liability case, a plaintiff must establish that he was sufficiently exposed to the defendant's product to create a genuine factual issue for the trier of fact. The plaintiff must show that '(1) he regularly worked in an area where the defendant's asbestos was frequently used and (2) the injured worker did, in fact, work sufficiently close to the area so as to come into contact with the defendant's product.'" (quoting *Thacker*, 151 Ill. 2d at 355, 603 N.E.2d at 454)).

### 4. THE SUBSTANTIAL FACTOR TEST OF "FREQUENCY, REGULARITY, AND PROXIMITY" IN ASBESTOS CASES IS NOT MERE "JOBSITE PRODUCT IDENTIFICATION."

In the context of a jobsite, Illinois's substantial factor test of "frequency, regularity and proximity" is not merely putting a defendant's product at the jobsite. That is, "merely identifying a defendant's product at a jobsite where a plaintiff worked is insufficient to establish asbestos exposure." *In re All Asbestos Litig.*, 385 Ill. App. 3d 386, 391, 895 N.E.2d 1155, 1159 (Ill. App. Ct. 1st Dist. 2008); *Thacker*, 151 Ill. 2d at 358, 603 N.E.2d at 457 (rejecting "invitation to fashion a rule by which a jury question would be created whenever there is any evidence that a defendant's

asbestos-containing product was used at a workplace at the same time the plaintiff worked there"); *Lohrmann v. Pittsburgh Corning Corp.*, 782 F.2d 1156, 1162 (4th Cir. 1986) (holding "the mere proof that the plaintiff and a certain asbestos product are at the shipyard at the same time, without more, does not prove exposure to that product").

The Illinois Appellate Court, the Illinois Circuit Courts, the Seventh Circuit, and the District Court in Illinois have all consistently held that jobsite product identification is insufficient:

- affirming summary judgment — despite sales records and testimony identifying products at jobsite — because the presence of product "cannot establish even a minimum level of contact and thus cannot meet the *Thacker* standard," *Johnson v. Owens Corning Fiberglas Corp.*, 284 Ill. App. 3d 669, 675, 672 N.E.2d 885, 889 (Ill. App. Ct. 3d Dist. 1996);

- affirming summary judgment — despite four coworkers identifying products at jobsite — because "there was no evidence that plaintiff worked on these ships at the exact same time as the other four men or in close proximity to them as the defendants' products were being used," *Zimmer v. Celotex Corp.*, 192 Ill. App. 3d 1088, 1091, 549 N.E.2d 881, 883 (Ill. App. Ct. 1st Dist. 1989);

- affirming summary judgment — despite plaintiff identifying products at jobsite — because "again, the mere presence of [defendants'] products at the job site is insufficient to create an issue of material fact," *Shine v. Owens-Illinois, Inc.*, 979 F.2d 93, 97-98 (7th Cir. 1992);

- entering summary judgment — despite worker identifying product at jobsite — because "[t]he fact that [plaintiff] and a particular asbestos product were both at the same job site, without more, does not demonstrate that he was exposed to that product," *Tragarz v. Keene Corp.*, 734 F. Supp. 834, 836 (N.D. Ill. 1990);

- entering summary judgment — despite worker identifying product at jobsite — because "[t]here is no evidence in [this case] as to the exact location where OI products were installed or how frequently Bowles was in those locations," *Bowles v. Pneumo Abex Corp.*, No. 09-L-65, slip op. at 15 (Ill. Cir. Ct. June 29, 2012) (attached as Ex. G);

Put simply, evidence that a defendant's product was used at a jobsite when plaintiff worked there does not satisfy the substantial factor test of "frequency, regularity, and proximity" to create a jury question on causation and defeat a summary judgment motion.

5.   **THE SUBSTANTIAL FACTOR TEST OF "FREQUENCY, REGULARITY, AND PROXIMITY" IN ASBESTOS CASES DOES NOT CHANGE BASED ON "DIRECT" VERSUS "CIRCUMSTANTIAL" EVIDENCE.**

Illinois's substantial factor test of "frequency, regularity, and proximity" is neither a moving target nor a sliding scale.  The standard does not change, as Plaintiff's counsel suggests, based on whether a witness (a plaintiff or a co-worker) provides the purported exposure evidence.[13]   ***Every*** Illinois asbestos case has required "frequency, regularity, and proximity" to satisfy the substantial factor test since *Thacker* — irrespective of whether a witness (a plaintiff or a co-worker) provided exposure evidence directly.[14]   Illinois courts have, in fact, rejected

---

[13]   Owens-Illinois is aware of the Court's prior ruling in *Goeken v. ACandS, Inc.*, No. 10-68122, Doc. No. 197 (E.D. Pa. Apr. 3, 2012), but has not been heard on the causation standard under Illinois law.

[14]   *Thacker*, 151 Ill. 2d at 365, 603 N.E.2d at 459 (applying "frequency, regularity and proximity" where plaintiff and coworkers testified directly about dust from Johns-Manville raw asbestos); *Nolan*, 233 Ill. 2d at 421, 910 N.E.2d at 522 (applying "frequency, regularity and proximity" where plaintiff and coworkers testified directly about dust from asbestos rope and cement for boiler sections); *Johnson*, 284 Ill. App. 3d at 677-80, 672 N.E.2d at 890-92 (applying "frequency, regularity and proximity" where plaintiff and coworkers testified directly about dust

Plaintiff's counsel's argument: "Contrary to plaintiff's assertion, it applies to cases based on direct evidence, circumstantial evidence, or both." *Coyne v. Archer-Daniels-Midland Co.*, No. 08 L 375, slip op. at 4 (Ill. Cir. Ct. Dec. 8, 2010) (rejecting Cascino Vaughan Law Offices assertion, and granting summary judgment against their client) (attached as Ex. H).

In adopting "frequency, regularity, and proximity" for asbestos cases, the *Thacker* Court recognized that "[d]ue to the unique problems posed by asbestos injury, plaintiffs in cases such as this have had to rely heavily upon circumstantial evidence in order to show causation." *Thacker*, 151 Ill. 2d at 357, 603 N.E.2d at 456. What would direct evidence to show cause-in-fact require in asbestos cases? A virtual impossibility:

> due to the microscopic size of asbestos fibers, asbestos cannot always be seen drifting in the air or entering a plaintiff's body. The small size of these fibers also means that asbestos fibers from different sources are generally indistinguishable from one another, even when removed from a plaintiff's body and examined through a microscope. . . . [T]he time between when asbestos fibers are first inhaled and when scarring in the lungs becomes symptomatic is commonly between 25 and 30 years. This means that a plaintiff injured by asbestos fibers often does not know exactly when or where he was injured and therefore is unable to describe the details of how such injury occurred.

*Id.* Surely, Plaintiff does not contend that he has "direct" evidence of the particular

---

from Zoltek products, A.P. Green asbestos refractory brick, Sager gloves, Garlock pads and packing, A & M transite, and Kaiser firebrick); *Zickuhr v. Ericsson, Inc.*, 2011 IL App (1st) 103430, ¶ 37 962 N.E.2d 974, 983 (Ill. App. Ct. 1st Dist. 2011) (applying "frequency, regularity and proximity" where plaintiff testified directly about dust from Anaconda wire); *Flood*, 2003 WL 22462314, at *1-2 (N.D. Ill. Apr. 4, 2003) (applying "frequency, regularity and proximity" where plaintiff testified directly about dust from Flintkote mastic).

microscopic asbestos fibers (and their exact source) being inhaled into Centers'
lungs and that specifically began the cellular mutation process to transform healthy
cells into cancer cells.  And certainly, he has not disclosed any such evidence.

To solve these "unique problems posed by asbestos injury" and "to seek a
balance between the needs of the plaintiff (by recognizing the difficulties of proving
contact) with the rights of the defendant (to be free from liability predicated upon
guesswork)," the Illinois Supreme Court adopted "frequency, regularity, and
proximity" as the substantial factor test in all asbestos cases.  *Id.* at 359, 603 N.E.2d
at 457.  Despite Plaintiff's counsel's assertion, "frequency, regularity and proximity"
is the substantial factor test in every asbestos case — without any exception for
their clients in MDL 875.

### 6.   THE SUBSTANTIAL FACTOR TEST OF "FREQUENCY, REGULARITY, AND PROXIMITY" IN ASBESTOS CASES DOES NOT MEAN "ANY AND ALL" OR "EACH AND EVERY" EXPOSURE.

Illinois's substantial factor test of "frequency, regularity and proximity" also
"rejected the argument . . . that so long as there is *any* evidence that the injured
worker was exposed to a defendant's asbestos-containing product, there is sufficient
evidence of cause in fact to allow the issue of legal causation to go to the jury."
*Nolan,* 233 Ill. 2d at 434, 910 N.E.2d 549 (emphasis in original).  In fact, "such an
approach is contrary to the concept of substantial causation."  *Id.* at 434, 910 N.E.2d
at 559.

In other words, "substantial" does not mean "any and all" or "each and every."
Sporadic, intermittent exposure is not "frequent" or "regular."  Instead, asbestos
plaintiffs must "prove more than minimum contact to establish that a specific

defendant's product was a substantial factor in being a cause in fact of a plaintiff's injury." *Id.* at 432, 910 N.E.2d at 558. And "without the minimum of proof required to establish frequency, regularity and proximity of exposure, a reasonable inference of substantial causation in fact cannot be made." *Id.* at 434, 910 N.E.2d at 559.

"*Thacker* establishes that it is possible to exclude particular exposures as substantial contributing causes of a plaintiff's injury in asbestos cases." *Id.* at 439, 910 N.E.2d at 561 (citing *Thacker*, 151 Ill. 2d at 355, 603 N.E.2d at 449). *Thacker* defines the legal meaning of substantial factor, and neither the Plaintiff's counsel nor his experts are at liberty to ignore that legal definition. For instance, Plaintiff's causation expert, Dr. Arthur Frank, proffers an illegal "any" factor opinion that conflicts directly with the substantial factor test in Illinois:

> **Q.  You also hold the opinion that every exposure is a substantial factor regardless of how infrequent or slight a product exposure was?**
>
> A.  If it is noted to be above the background that [plaintiff] would have had without those exposures or that you and I would have, yes.
>
> * * *
>
> **Q.  Your every-exposure-is-a-substantial-factor opinion includes any brief exposure even on a single occasion, correct?**
>
> A.  Yes.[15]

Dr. Frank's "each-and-every-exposure-is-a-substantial factor" opinion also violates Illinois law by flipping the burden of proof:

---

[15] *See* **Ex. I**, Dep. Arthur Frank, Jan. 3, 2006, 16:13–20, 17:13–17.

> **Q.** **In a sense your opinion is that every exposure is essentially guilty until proven innocent and in your view the only innocent exposure is the one that did not exist?**
>
> A. That would be one way to say it. The one that didn't exist couldn't have caused the disease if it didn't exist. But otherwise, there is – there is no exposure that could ever be said to be innocent.[16]

This "guilty-until-proven-innocent" notion shifts the burden of proof away from plaintiffs and onto the defendants — something also expressly rejected by the Illinois Supreme Court. "We reiterate, however, that the ultimate *burden of proof on the element of causation* remains exclusively on the plaintiff, and that burden is never shifted to the defendant." *Nolan*, 233 Ill. 2d at 435, 910 N.E.2d at 559 (emphasis original).

Illinois substantive law demands sufficient proof that a plaintiff was so frequently, regularly, and proximately exposed to a defendant's product to create a genuine issue for the jury on causation — nothing less will suffice. Illinois expressly rejects the idea that paid experts are allowed to nullify the legal standard by cloaking their nullification in the form of a "medical opinion." The "every-exposure-is-a-substantial-factor" opinion, and the commensurate causation standard offered by Plaintiff's counsel, is in direct conflict with the substantive law in Illinois. *Nolan*, 233 Ill. 2d at 434, 439, 910 N.E.2d at 559, 561; *Thacker*, 151 Ill. 2d at 358, 603 N.E.2d at 457.

---

[16] *See id.* at 21:21–22:7.

- 14 -

## IV.   ARGUMENT

In this case, Owens-Illinois is entitled to summary judgment because there is no evidence that Centers ever was exposed to any asbestos-containing product manufactured or sold by Owens-Illinois — much less the frequent, regular, and proximate exposure to satisfy substantial factor test under Illinois law.  Plaintiff has not sustained his burden to produce admissible evidence that exposure to an Owens-Illinois asbestos-containing product was so frequent, regular, and proximate exposure that it was a substantial factor in causing Centers' lung cancer.  *See Nolan*, 233 Ill. 2d at 432–34, 910 N.E.2d at 558–59; *Thacker*, 151 Ill. 2d at 362–63, 603 N.E.2d 458–59.  He has, in fact, come nowhere close to meeting that legal standard to create a genuine factual issue for a jury.

After ten years, producing one deposition of coworker David Jeffers, as well as empty interrogatories responses and document requests, there is simply no admissible evidence in the record that Centers ever breathed asbestos from any Owens-Illinois product.  Plaintiff has no testimonial or documentary evidence supporting his allegation that Centers worked with or around any Owens-Illinois asbestos-containing product, let alone that he did so frequently, regularly, and proximately.  There is simply nothing for a jury to decide.  Speculation or conjecture, without any evidentiary foundation, is not sufficient to create a genuine dispute and indeed is prohibited at summary judgment.

Plaintiff's total lack of evidence is unsurprising because even before Centers' work history began in 1966 — and nearly a decade before — Owens-Illinois had ceased the manufacture and sale of "Kaylo" on April 30, 1958.  Owens Corning

Fiberglas, not Owens-Illinois, made and sold the "Kaylo" from which Centers purports to claim exposure, and Plaintiff has already collected from the Owens Corning Fiberglas Corporation 524(g) Bankruptcy Trust, based on this claimed exposure to "Kaylo" pipe covering and block insulation between 1966 and 1988.

The only other evidence is that Centers worked sometime after 1967 at the General Motors Central Foundry with Mr. Jeffers — who worked at the other end of the building than Centers for a different contractor and who saw Centers during lunch breaks in the cafeteria.  Mr. Jeffers recalled the name "Owens-Corning," but could not recall "Kaylo" any at General Motors Central Foundry.  He also could not tell who manufactured the insulation when he looked at it or when it had been installed.

To conclude from those facts that Centers breathed asbestos from any Owens-Illinois product is contrary to the evidence.  To conclude from those facts that Centers was exposed to Owens-Illinois, not Owens-Corning, "Kaylo" is further contrary to the evidence.  Any other conclusion based those facts would be to expand liability dramatically, directly contrary to Illinois law, by making Owens-Illinois an "insurer" of the entire bankrupt industry.  *See Smith v. Eli Lilly & Co.*, 137 Ill. 2d 222, 266-67, 560 N.E.2d 324, 344-45 (Ill. 1990) (rejecting market share liability); *McClure v. Owens Corning Fiberglas Corp.*, 188 Ill. 2d 102, 720 N.E.2d 242, 262 (Ill. 1999) (rejecting civil conspiracy claim as "manufacturers are not 'insurers of their industry' and that 'a logical limit must be placed on the scope of a manufacturer's liability'" (quoting *Smith*, 137 Ill. 2d at 266-67, 560 N.E.2d at 344-45)).

## V.    CONCLUSION

Plaintiff presses this negligence claim against Owens-Illinois under the infamous "search for a solvent bystander," having collected burdenless money from Owens-Corning and nineteen other 524(g) Bankruptcy Trusts.  Medical Monitoring and Asbestos Litigation—A Discussion with Richard Scruggs and Victor Schwartz, 17:3 *Mealey's—Litig. Rep. Asbestos* 5 (Mar. 1, 2002) (quoting Richard Scruggs).  But this is not a government-mandated claims processing exercise.  This is not a bankruptcy trust disposition process designed and run by the asbestos plaintiffs' bar where any "jobsite" affidavit will suffice.  It is a federal court applying Illinois substantive law.  The substantive, procedural, and evidentiary rules are well-established, and they are the same rules that apply to every other tort plaintiff at summary judgment.

Faced with summary judgment, Plaintiff will try to avoid, not meet, his burden in an apparent belief that, because it is an asbestos case, plaintiffs are supposed to survive summary judgment — no matter whom they have sued or on what basis.  The myth that asbestos plaintiffs are entitled somehow to special, reduced burdens of production, procedural shortcuts, and relaxed evidentiary standards has no foundation in law.  Plaintiff must be required to, and must in fact, meet his burden in the same manner, and to the same extent, as every other tort plaintiff at summary judgment.  He has not done so.

Owens-Illinois is entitled to summary judgment because there is simply no evidence that any conduct by Owens-Illinois ever caused any injury to Centers as a matter of law.  There is no evidence that shows Centers ever was exposed to any

Owens-Illinois product so frequently, regularly, and proximately that it was a substantial factor to cause his lung cancer.   There is, in fact, no evidence that Centers ever was around any Owens-Illinois product.

For these reasons, Owens-Illinois, Inc. respectfully requests this Court enter an order granting summary judgment in its favor and against Plaintiff, granting it fees and costs, and awarding such further relief as this Court deems just and proper.

Dated:  July 9, 2012                              Respectfully submitted,


                                                  By: /s/ Brian O. Watson
                                                     Robert H. Riley
                                                     Edward Casmere
                                                     Brian O. Watson
                                                     Schiff Hardin LLP
                                                     233 S. Wacker Dr. Suite 6600
                                                     Chicago, Illinois  60606
                                                     (312) 258-5500
                                                     (312) 258-5600 (facsimile)

                                                     *Attorneys for Defendant*
                                                     *Owens-Illinois, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 9, 2012, the foregoing was filed with the Clerk of the Court for the United States District Court for the Eastern District of Pennsylvania using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson
Brian O. Watson

CH2\11483953.1