# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In Re: ASBESTOS PRODUCTS
LIABILITY LITIGATION (No. VI)

This Document Relates to
the Cases on the Attached List

Civil Action No:
MDL 875

FILED
APR -3 2013
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

## EXPLANATION and ORDER

**AND NOW**, this 3rd day of April, 2013, upon consideration of "Owens-Illinois, Inc.'s Motion to Strike Plaintiffs' Amended Statement on Expert Witness Reports" e.g. (08-92210 Doc. 212), "Plaintiffs' Response in Opposition to Owens-Illinois, Inc.'s Motion to Strike Garza/Kenoyer Amended Report" e.g. (08-92210 Doc. 215), and "Statement of: Plaintiff's Clarification of Position at Hearing/Conference re: Motion to Strike Plaintiff's Amended Statement On Expert Witness Reports (Kenoyer and Garza)" e.g. (08-92210 Doc. 219), and following the March 19, 2013 oral argument (01-MD-875 Doc 8822 ("Tr.")) it is hereby **ORDERED** that:

1. all relevant joinders which were filed in the fourteen cases on the attached list are **GRANTED**[1]; and

2. the motion is **GRANTED** and "Plaintiffs' Amended Statement on Expert Witness Reports" e.g. (01-MD-875 Doc. 8803) is **STRUCK**.

Owens-Illinois, Inc. ("OI") requests that we strike CVLO's Amended Statement on Expert Witness Reports ("Amended Statement"), served January 24, 2013, which pertains to the plaintiffs' experts, Messrs. Garza and Kenoyer. The Amended Statement was served on certain defendants in 198 cases. While the cases were subject to different scheduling orders, the deadline

---

[1] Several defendants filed motions for joinder in additional cases. In that OI's motion was not filed in those cases, there is no motion to join. Accordingly, the joinder motions will be denied as moot in a separate order. Certain other defendants filed *notices* of joinder. We reject these *notices* as well in that they similarly seek to *notice* a joinder to a motion not filed.

for the submission of plaintiffs' expert reports had passed in all cases - by at least two and a half to nearly nine months before service of the Amended Statement. Further, the dispositive motion deadline had passed in all cases except the 21 CVLO-7 cases, where the deadline passed six days later.

The Amended Statement is a 57 page document divided into 20 sections by product type. Each section describes an asbestos-containing product with citations to scientific literature. See e.g. (08-92210 Doc. 215, Ex. 1). While it does not reference specific cases, it is incorporated by reference into certain case-specific reports served in individual cases. See e.g. (Tr. 7:7-10).

CVLO claims that it served the Amended Statement as a timely supplementation pursuant to Fed. R. Civ. P. 26(a)(2)(E) and 26(e)(2). We acknowledge that litigants have an obligation to supplement expert reports pursuant to Fed. R. Civ. P. 26(e) and must do so "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed R. Civ. P. 26(e)(1)(A); see also Sancom, Inc. v. Qwest Comm. Corp., 683 F. Supp. 2d 1043, 1062-63 (D. S.D. 2010) (holding that Rule 26(e) supplements are "only for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report") (internal quotation marks omitted). Rule 26(e) is not an avenue to correct "failures of omission because the expert did an inadequate or incomplete preparation" (Akeva L.L.C. v. Mizuno Corp., 212 F.R.D. 306, 310 (M.D. N.C. 2002)), add new opinions (Beller ex rel. Beller v. U.S., 221 F.R.D. 689, 691 (D.N.M. 2003); Keener v. U.S., 181 F.R.D. 639, 640 (D. Mont. 1998)), or "deepen" or "strengthen" existing opinions. Leviton Mfg. Co., Inc. v. Nicor, Inc., 245 F.R.D. 524, 528 (D. N.M. 2007). Further, a supplemental report may be rejected where it is offered to rebut an argument raised in a summary

judgment motion, or was served merely because a party simply wished to supplement. Gallagher v. S. Source Packaging, LLC, 568 F. Supp. 2d 624, 630-31 (E.D. N.C. 2008) (citing Beller, 221 F.R.D. at 701 & Coles v. Perry, 217 F.R.D. 1, 3 (D. D.C. 2003)); Akeva L.L.C., 212 F.R.D. at 310.

OI contends that the Amended Statement is nothing more than an effort to "deepen" or "strengthen" existing opinions or to correct an "inadequate or incomplete" report. According to OI, the supplementation simply constitutes a belated effort to upset the summary judgment calculus by supplementing the record to add significant substantive materials in opposition to the pending summary judgment motions. CVLO does not contradict this assertion. Indeed, it argues that the material is of such importance that its exclusion could be dispositive in some cases.[2]

To sharpen the focus on the question of the timing of the supplementation, we asked CVLO for an explanation as to why this material was not in the original report. Specifically, in a March 14, 2013 email to counsel, we asked CVLO to be prepared to answer during the scheduled oral argument "[w]hat specific information [it] believe[d]" was of "sufficient importance that striking the [Amended Statement] would be dispositive in some cases" and to explain "why [it] was not included in the original report." At the argument we asked CVLO to answer that "particular question." (Tr.

---

[2] To this end, CVLO argues that we lack the authority to rule on this motion pursuant to 28 U.S.C. §636(b)(1)(A) since it claims our determination could be potentially dispositive in some unidentified case. We find no merit to this contention. This is a motion to strike an amended expert report which falls squarely into the June 9, 2012 order of reference authorizing us to "to conduct pretrial procedures, supervision of discovery, settlement conferences, and preparation for trial." E.g. (10-67443 Doc. 34). It is not one of the dispositive motions listed in 28 U.S.C. §636(b)(1)(A) as being beyond the scope of a magistrate judge to adjudicate, nor are we providing relief which mimics those motions. See Ocelot Oil Corp. v. Sparrow Indust., 847 F.2d 1458, 1462 (10th Cir. 1988) (providing that a magistrate judge may not impose sanctions that "fall within the eight dispositive motions excepted in subsection (A)" and concluding that striking a party's pleadings amounted to a prohibited dismissal of the action). Unlike Ocelot Oil, we are not striking a party's pleading, only an amended expert report where there is no specific evidence of its dispositive nature.

13:4-18). Counsel did not identify any such specific information and did not take the opportunity to explain why the amendments were not included in the original report. (Tr. 13:19-14:8). We have then necessarily concluded that the Amended Statement is not a proper Rule 26(e) supplementation.

CVLO also argues that any harm that the long delayed Amended Statement might produce could be cured by re-opening discovery. We consider this argument with reference to Fed. R. Civ. P. 37(c)(1) which provides "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." We have determined that the failure was not "substantially justified" and we are not persuaded that it was harmless.

Turning to the question of prejudice, which was the subject of discussion in our December 27, 2012 memorandum in Doyle, we balance five factors: (1) the prejudice to defendants; (2) their ability to cure the prejudice; (3) the extent to which allowing the Amended Statement would disrupt the proceedings in these MDL cases; (4) CVLO's bad faith or willfulness in failing to comply with the scheduling orders; and (5) the importance of the evidence at issue. Doyle v. A.C. and S., Inc., 01-MD-875, 2012 WL 6739912, at *4-5 (E.D. Pa. Dec. 27, 2012) (*citing* ZF Meritor, LLC v. Eaton Corp., 696 F.3d 254, 298 (3d Cir. 2012)).

OI has asserted that an allowance of the Amended Statement would have a substantial impact upon the 14 cases in which it filed its motions, as well as the remaining 184 cases in which the Amended Statement was served, resulting in prejudice. OI notes that all of the cases were well beyond their discovery cut-off, well beyond the expert filing dates, and even beyond most of the dispositive motions deadlines.

The only way to "cure" any prejudice would be to re-open expert discovery and allow

4

defendants to re-depose plaintiffs' experts, generate new expert reports, and re-file dispositive motions. The impact of this "cure", according to OI, would be dramatic particularly where it has proffered more than 100 witnesses and where there are more than 30 pending motions for summary judgment which would be affected. (Tr. 6:11-12).

We conclude that this "cure" would be highly disruptive to the remaining CVLO MDL cases and, in time, would likely affect nearly all 198 cases in which the Amended Statement was filed. While we hesitate to assign willfulness to any counsel who appears before us representing truly injured parties, we have no difficulty making such a conclusion here where CVLO, throughout the litigation of these cases, has been repeatedly reminded of its obligations to follow the scheduling orders and to provide complete and timely discovery. See e.g. Ferguson v. A.C. & S., Inc., 01-MD-875, 2012 WL 5839023 (E.D. Pa. Nov. 16, 2012); Unzicker v. A.W. Chesterston Co., 11-CV-66288, 2012 WL 1966028 (E.D. Pa. May 31, 2012); In re Asbestos Prods. Liab. Litig. (No. VI), 278 F.R.D. 126, 132 (E.D. Pa. 2011); (Ahnert, 10-67443 Doc. No. 122). It appears that this admonition has again gone unheeded. We conclude that we must strike the Amended Statement from Kenoyer and Garza served on January 24, 2013.

BY THE COURT:

_____
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

# CASE LIST

| | | |
|---|---|---|
| O'Keefe | 08-cv-92210 | CVLO 1&2A |
| Centers | 08-cv-90268 | CVLO 1&2B |
| Ahnert | 10-cv-67443 | CVLO 3 |
| Connell | 09-cv-60552 | CVLO 3 |
| Held | 10-cv-67814 | CVLO 3 |
| Schmoll | 09-cv-61026 | CVLO 3 |
| Suoja | 09-cv-60256 | CVLO 3 |
| Akey | 09-cv-60286 | CVLO 5 |
| Conway | 10-cv-67785 | CVLO 5 |
| Reno | 09-cv-60293 | CVLO 5 |
| Sebastian | 10-cv-64686 | CVLO 5 |
| Jurglanis | 12-cv-60003 | CVLO 7 |
| Smith | 08-cv-90276 | CVLO 7 |
| Svatek | 11-cv-64036 | CVLO 7 |